IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ENOCH CLARK, JR.,

                     Plaintiff,

                                               CIVIL ACTION
     vs.                                          No. 09-3141-SAC

DEPUTY ANDERSON, et al.,

                     Defendants.

## ORDER

Before the court is a complaint filed under 42 U.S.C. § 1983 by a prisoner incarcerated in a state correctional facility. Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon

which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). When reviewing the sufficiency of a complaint, the court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." Id. at 1109. Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In the present case, plaintiff alleges two officers intentionally applied excessive force against plaintiff and caused him serious injury while plaintiff was confined in the Wyandotte County Detention Center in Kansas City, Kansas, in 2007. Plaintiff claims this violated his rights under the United States Constitution, and constituted assault and battery under state law. Plaintiff seeks a declaratory judgment and damages from three named defendants: Wyandotte Deputy Anderson, Wyandotte Deputy Yawncey, and the Wyandotte detention facility.

The court finds plaintiff's allegations against the two named officers are sufficient to warrant a response.

The detention facility itself, however, is not a "person" subject to suit under federal civil rights laws, and is dismissed from the complaint pursuant to 28 U.S.C. § 1915A(b). *See* West v. Atkins, 487 U.S. 42, 48 (1988)("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by *a person* acting under color of state law.")(emphasis added). *See also* Aston v. Cunningham, No.

2

99-4156, 2000 WL 796086 at *4 n. 3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued").

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the remainder of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that the Wyandotte County Detention Center, named as a defendant in the complaint, is dismissed from this lawsuit.

IT IS FURTHER ORDERED that the court shall prepare waiver of service of summons forms for defendants Anderson and Yawncey pursuant to Rule 4 of the Federal Rules of Civil Procedure, to be served by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs.

The clerk of the court shall transmit copies of this order to plaintiff, to defendants, to the Chief Counsel for the Unified Government of Wyandotte County, and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 29th day of July 2009 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge