IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ENOCH CLARK, JR.,**

                **Plaintiff,**

                                        CIVIL ACTION
    vs.                                        No. 09-3141-SAC

**DEPUTY ANDERSON, et al.,**

                **Defendants.**

## ORDER

Plaintiff proceeds pro se and in forma pauperis on a civil complaint seeking relief under 42 U.S.C. § 1983 on allegations related to his confinement in the Wyandotte County Detention Facility in Kansas City, Kansas. Pursuant to the screening required by 28 U.S.C. § 1915A, the court dismissed the Detention Center as a defendant, and ordered the clerk's office to prepare waiver of service of summons forms on the two remaining named defendants: Wyandotte Officers Anderson and Yawncey.

**MOTION TO AMEND THE COMPLAINT**

Before the court is plaintiff's motion to amend his complaint to identify the "John Does" in his original complaint as: Wyandotte Sheriff LeRoy Green, and Wyandotte Officers Henderson, Floyd Garner, Merkle, Bunne, Sampel, and Brockman. Plaintiff's motion is granted, in that the Federal Rules of Civil Procedure allow plaintiff to amend his complaint "once as a matter of course" without leave of the court if plaintiff has not yet been served with a response to the complaint. Fed.R.Civ.P. 15(a)(1)(A).

To proceed on the complaint as amended, however, plaintiff must submit a form complaint that names all defendants, as required by court rules. D.Kan. Rule 9.1(a); Fed.R.Civ.P. 15.

Plaintiff must also provide a factual basis for establishing each defendant's personal participation in the alleged misconduct. *See* Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability under 42 U.S.C. 1983 must be based on personal involvement in the alleged constitutional violation."); Jenkins v. Wood, 81 F.3d 988, 994- 95 (10th Cir. 1996) ("[P]laintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation.") (internal citation omitted). The failure to do so could result in defendant(s) being summarily dismissed when the court screens the amended complaint because personal participation is an essential allegation against each defendant in a § 1983 action. Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Plaintiff may not rely on the doctrine of respondeat superior to hold a defendant liable by virtue of the defendant's supervisory position. Rizzo v. Goode, 423 U.S. 362 (1976).

**MOTION FOR APPOINTMENT OF COUNSEL**

Also before the court is plaintiff's motion for appointment of counsel.

Plaintiff has no right to the assistance of counsel in this civil action, Durre v. Dempsey, 869 F.2d 543, 647 (10th Cir. 1989). The court finds the facts and legal issues associated with

2

plaintiff's claims do not warrant the appointment of counsel at this time. Plaintiff's motion is denied without prejudice to plaintiff renewing his request after the amended complaint is submitted on a court form and has been screened by the court.

**SERVICE OF PROCESS**

The court determined a response to the original complaint was required from defendants Anderson and Yawncey, and ordered service of waiver of summons forms. *See* 28 U.S.C. § 1915(d)(when a plaintiff proceeds in forma pauperis under § 1915, the court is to issue and serve all process); Fed.R.Civ.P. 4(c)(2)(providing for court appointment of U.S. Marshal Service to effect service when plaintiff proceeds in forma pauperis under 28 U.S.C. § 1915).

The record reflects that defendant Anderson waived service of summons and filed an answer to the complaint, but that waiver of service of summons forms prepared for defendant Yawncey and mailed to the Wyandotte County Detention Center were returned unexecuted and undelivered to the court with the notation that this person was no longer at the facility. *See also* Defendant Anderson's answer (Doc. 13)(in part "den[ying] that a 'Deputy Yawncey' is employed as a deputy at the Wyandotte County Detention Center").

Because plaintiff is amending his complaint pursuant to Rule 15(a)(1), but may not proceed on the amended complaint until it is submitted on a court approved form for judicial screening under 28 U.S.C. § 1915A, the court suspends further attempts to serve defendant Yawncey with the original complaint. No service of process with a copy of the amended complaint will be ordered for any

defendant until plaintiff submits an amended complaint on a court approved form, and said amended complaint has been screened by the court.[1]

IT IS THEREFORE ORDERED that plaintiff's motion for leave to amend the complaint (Doc. 8) is granted pursuant to Fed.R.Civ.P. 15(a)(1).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to submit his amended complaint on court approved form.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 9) is denied without prejudice.

The clerk of the court is to provide plaintiff with a court approved complaint form for filing under 42 U.S.C. § 1983.

**IT IS SO ORDERED.**

DATED: This 15th day of October 2009 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[1] If plaintiff continues to name Officer Yawncey as a defendant in the amended complaint - or fails to file a proper amended complaint and thereby proceed on his original complaint -, and if no further information is forthcoming from any party regarding this defendant's location, the court will consider ordering the United States Marshal Service to conduct reasonable efforts to effect personal service of summons on this defendant, and/or requesting the Wyandotte Sheriff's Department to provide under seal any reasonable correction of this defendant's name and any current address information for this defendant.