IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**ENOCH CLARK, JR.,**

                 **Plaintiff,**

                                        CIVIL ACTION
        vs.                                No. 09-3141-SAC

**DEPUTY ANDERSON, et al.,**

                 **Defendants.**


<u>**ORDER**</u>

    Plaintiff proceeds pro se and in forma pauperis on a civil complaint seeking relief under 42 U.S.C. § 1983 on allegations related to his confinement in the Wyandotte County Detention Facility in Kansas City, Kansas. Finding plaintiff's Eighth Amendment claim of being subjected to excessive force required a response, the court ordered service of process and plaintiff's amended complaint on defendants Anderson and Yawncey.

    When plaintiff attempted to again amend his complaint to identify the "John Does" in his original complaint, the court suspended service on defendants Anderson and Yawncey, and granted plaintiff leave to amend the complaint subject to plaintiff's submission of an amended complaint on a court approved form that named all defendants and included allegations showing each defendant's personal participation in any misconduct being alleged. *See* Fed.R.Civ.P. 15(a)(2)(requiring leave of the court to amend a complaint).

In response, plaintiff submitted three separate "Amended Complaint[s]" on court approved forms. One displays the caption of plaintiff's first amended complaint ("Enoch Clark, Jr. v. Deputy Anderson, et al."), and names Wyandotte Sheriff LeRoy Green, Wyandotte Jail Administrators Randall Henderson and Floyd Garner as defendants (Doc. 17). Presumably this proposed amended complaint refers to the alleged use of force by Anderson and Yawncey, as set forth in plaintiff's original and first amended complaint.

In the second and third proposed "Amended Complaint[s]," plaintiff names Wyandotte Deputies Merkle and Brockman (Doc. 15), and Deputies Sample and Bunnell (Doc. 16) with a comparable caption in each form pleading. In these two pleadings it appears plaintiff is alleging separate incidents of abuse by these Wyandotte County defendants.

Collectively, the three proposed amended complaints seem to encompass all the defendants plaintiff previously indicated he wanted to include in his second amended complaint. But significantly, plaintiff failed to name either Anderson or Yawncey, the defendants named in the original complaint.

*Proposed Amendment of the Complaint Against Defendants Anderson and Yawncey*

Plaintiff is advised that an amended complaint operates to supercede and displace the complaint being amended, rendering it of no legal effect. *See* Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991). Accordingly, the failure to name all defendants in the proposed pleading, such as plaintiff's failure to name defendants

2

Anderson and Yawncey in the proposed amended complaint carrying the original caption in this matter, renders it subject to being construed as plaintiff's voluntary dismissal of these two defendants. If this is not what plaintiff intended, then plaintiff must submit a new proposed amended complaint that names all defendants related to his allegations of being subjected to excessive force by officers Anderson and Yawncey.

The court further notes that plaintiff's bare allegation against the three defendants in the proposed amendment to Clark v. Anderson, et al. is that they either supervised officers Anderson and Yawncey and/or were responsible for reviewing plaintiff's grievances. This is insufficient. It is well established that plaintiff may not rely on the doctrine of respondeat superior to hold a defendant liable by virtue of the defendant's supervisory position. Rizzo v. Goode, 423 U.S. 362 (1976). Also, the mere denial of a grievance is insufficient to establish the necessary showing of a defendant's personal participation in the alleged constitutional violation. *See* Larson v. Meek, 240 Fed. Appx. 777, 780 (10th Cir. June 14, 2007)(unpublished op.); *accord* Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)(per curiam)(denial of a grievance does not state a substantive constitutional claim). *See also* Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976)(a defendant's personal participation is an essential allegation in a § 1983 action).

Accordingly, to the extent plaintiff seeks to amend the complaint in this matter a second time with the proposed amended

complaint bearing the caption in this matter (Doc. 17), the court grants plaintiff leave to do so. However, to avoid plaintiff's voluntary dismissal of defendants Anderson and Yawncey, plaintiff must submit a proposed amended complaint on a court approved form that includes these two officers as defendants. Plaintiff is further directed to show cause why defendants Green, Henderson, and Garner should not be summarily dismissed because plaintiff's allegations against these defendants state no claim for relief under 42 U.S.C. § 1983.

*Proposed Amended Complaints Naming Additional Defendants with Different Captions*

To the extent plaintiff is attempting to proceed against additional defendants on Eighth Amendment allegations involving separate and independent incidents, it is appropriate to do so in separate complaints. The federal rule governing the joinder of claims pertinently provides: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed.R.Civ.P. 18(a). While joinder is encouraged for purposes of judicial economy, the federal rules "do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." <u>Zhu v. Countrywide Realty Co., Inc.</u>, 160 F.Supp.2d 1210, 1225 (D.Kan. 2001)(*citation omitted*).

Accordingly, to the extent plaintiff seeks to amend his complaint in the instant action to name defendants alleged to have acted in separate incidents from that alleged in the original

complaint, the court denies plaintiff leave to do so. Instead, the court will direct the clerk's office to open new cases on the two proposed amended complaints (Docs. 15 and 16), subject to these actions being dismissed without prejudice if plaintiff objects to proceeding further in these separate actions within the time set by the court in each new case for such objection.

*State Law Claims*

Finally, to the extent plaintiff is attempting to assert state claims of assault and battery, this court must exercise its supplemental jurisdiction to consider these state law claims. However, under 28 U.S.C. § 1367(c), a district court may decline to exercise its supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. Given the court's assessment that no claim for relief under 42 U.S.C. § 1983 is stated in plaintiff's second amended complaint against defendants Green Henderson and Garner, the court declines to exercise its supplemental jurisdiction to consider plaintiff's state law claims of assault and battery.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to submit a proposed amended complaint naming all defendants related to his Eighth Amendment claim in this action, and to show cause why defendants Green, Henderson, and Garner in plaintiff's second amended complaint (Doc. 17) should not be summarily dismissed.

IT IS FURTHER ORDERED that the clerk's office is to refile plaintiff's proposed amended complaints (Docs. 15 and 16), each as

5

the complaint to open two separate new cases.

The clerk of the court is to provide plaintiff with a court approved complaint form for filing under 42 U.S.C. § 1983.

**IT IS SO ORDERED.**

DATED:  This 10th day of December 2009 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge