## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ENOCH CLARK, JR., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 09-3141-KHV |
| DANIEL ANDERSON, ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Enoch Clark, Jr., an inmate at Larned State Hospital, brings suit pro se against Daniel Anderson, a deputy for the Sheriff's Office of Wyandotte County, Kansas, for violation of constitutional and common law rights. This matter comes before the Court on defendant's Motion For Leave To File Under Seal (Doc. #69) filed February 14, 2014. For reasons stated below, the Court overrules the motion.

## Legal Standards

Federal courts have long recognized a common-law right of access to judicial records. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011); Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to ensure that courts are fair and judges are honest. Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980); Worford v. City of Topeka, No. 03-2450-JWL-DJW, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004). The public's right of access, however, is not absolute. Helm, 656 F.3d at 1292. The Court therefore has discretion to seal documents if competing interests outweigh the public's right of access. Id.; United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985). In exercising its discretion, the Court weighs the

public's interests, which it presumes are paramount, against those advanced by the parties. Helm, 656 F.3d at 1292; Dobbins, 616 F.2d at 461. The party seeking to overcome the presumption of public access to the documents bears the burden of showing that some significant interest outweighs the presumption. Helm, 656 F.3d at 1292; Mann, 477 F.3d at 1149. The Court should seal documents based only on articulable facts known to the Court, and not based on unsupported hypothesis or conjecture. Worford, 2004 WL 316073, at *1 (citing Stapp v. Overnite Transp. Co., No. 96-2320-GTV, 1998 WL 229538, at *1 (D. Kan. April 10, 1998)).

## **Analysis**

Defendant seeks leave to file under seal the memorandum in support of his summary judgment motion and all exhibits in support thereof. In support of the request, defendant states that the documents contain information relating to the mental health history, correctional records and criminal records of plaintiff. Motion For Leave To File Under Seal (Doc. #69) at 2, ¶ 4. Defendant states that the court protective order requires the parties to treat such information as confidential and to use it only for purposes of this lawsuit. Id. at 1, ¶2. Defendant also cites paragraph 8 of the protective order, which states as follows:

> Any party desiring to file with the court any confidential material, or documents containing information derived from such material, shall first file an appropriate motion with the court in compliance with D. Kan. Rule 5.4.6 and be granted leave to file the particular document under seal. If any party desires to file any document under seal, they must comply with all required procedures for filing under seal with the Clerk of the Court.

Protective Order (Doc. #39) filed February 28, 2013 at 5, ¶ 8.

Defendant provides no explanation why disclosure of the information might be harmful to either party. The fact that the Court has entered an agreed protective order does not in itself provide a sufficient reason to seal the documents. See Stormont-Vail Healthcare, Inc. v. BioMedix Vascular

Solutions, Inc., No. 11-4093-SAC, 2012 WL 884926, at *1 (D. Kan. March 14, 2012); Carefusion 213, LLC v. Professional Disposables, Inc., No. 09-2616-KHV-DJW, 2010 WL 2653643, at *1 (D. Kan. June 29, 2010). On this record, defendant has not come close to meeting the heavy burden to articulate a real and substantial interest which justifies depriving the public access to records which inform the Court's decision-making process. See Helm, 656 F.3d at 1292.

Also, defendant has not shown that redaction would not sufficiently protect any information which is legitimately confidential. Pursuant to the District of Kansas Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases, defendant may redact personal data as follows:

> To address the privacy concerns created by Internet access to court documents, litigants shall modify or partially redact the following personal data identifiers appearing in documents filed with the court:
> 1. Social Security numbers: Use only the last four numbers;
> 2. Minors' names: Use the minors' initials;
> 3. Dates of birth: Use only the year; and
> 4. Financial account numbers: Identify the name or type of account and the financial institution where maintained, but use only the last four numbers of the account number.
>
> In addition, parties may modify or partially redact other confidential information as permitted by the court (e.g., driver's license numbers, medical records, employment history, individual financial information, and proprietary or trade secret information).

District of Kansas Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases, § II., I.

**IT IS THEREFORE ORDERED** that defendant's Motion For Leave To File Under Seal (Doc. #69) filed February 14, 2014 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that on or before **March 10, 2014**, defendant may file an unsealed memorandum and exhibits in support of his motion for summary judgment.

Dated this 5th day of March, 2014 at Kansas City, Kansas.

                                            s/ Kathryn H. Vratil
                                            Kathryn H. Vratil
                                            United States District Judge