## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ENOCH CLARK, JR., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 09-3141-KHV |
| | ) | |
| DANIEL ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Enoch Clark, Jr. brings suit pro se against Daniel Anderson, a deputy at the Wyandotte County Sheriff's Office, for excessive force in violation of the Eighth and Fourteenth Amendments. Plaintiff also asserts claims for assault and battery under Kansas law. This matter is before the Court on Defendant's Motion For Summary Judgment (Doc. #68) filed February 14, 2014. For reasons stated below, the Court sustains defendant's motion.

## Summary Judgment Standards

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993). A "genuine" factual dispute is one "on which the jury could reasonably find for the plaintiff," and requires more than a mere scintilla of evidence. Liberty Lobby, 477 U.S. at 252. A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." Id. at 248.

The moving party bears the initial burden of showing that there are no genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Justice v. Crown Cork & Seal Co., 527 F.3d 1080, 1085 (10th Cir. 2008). Once the moving party meets the initial burden, the burden shifts to the nonmoving party to show that a genuine issue remains for trial with respect to the dispositive matters for which the nonmoving party carries the burden of proof. Nat'l Am. Ins. Co. v. Am. Re-Ins. Co., 358 F.3d 736, 739 (10th Cir. 2004); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). As to these matters, the nonmoving party may not rest on the pleadings but must set forth specific facts. Fed. R. Civ. P. 56(e)(2); Matsushita, 475 U.S. at 586-87; Justice, 527 F.3d at 1085. Conclusory allegations not supported by evidence are insufficient to establish a genuine issue of material fact. Jarvis v. Potter, 500 F.3d 1113, 1120 (10th Cir. 2007); see Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 853 (10th Cir. 1996).

When applying this standard, the Court must view the factual record in the light most favorable to the party opposing the motion for summary judgment. Duvall v. Ga.-Pac. Consumer Prods., L.P., 607 F.3d 1255, 1260 (10th Cir. 2010); see Ricci v. DeStefano, 557 U.S. 557, 586 (2009). Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative. Liberty Lobby, 477 U.S. at 250-51. Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

Although the Court holds pro se filings to a less stringent standard than formal pleadings drafted by lawyers, it does not assume the role of advocate for a pro se litigant; he must follow the same rules that govern all other litigants. See Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

**Factual Background**

The following material facts are uncontroverted, deemed admitted or where controverted, construed in a light most favorable to plaintiff.

From July 1 through October 11, 2007, Enoch Clark, Jr. was an inmate at the Wyandotte County Detention Center in Kansas City, Kansas. Daniel Anderson, a deputy in the Wyandotte County Sheriff's Office, worked there as a detention deputy.

Deputy Anderson used force with plaintiff on one occasion, July 11, 2007. On that day, Deputy Anderson saw Clark arguing with two other inmates while sitting on top of a table. The other inmates were getting agitated because Clark had been up all night banging on his cell and yelling. Clark began yelling and threatening to spit on the other inmates. For the safety and security of Clark, the other inmates and staff, Deputy Anderson twice ordered Clark to get off the table. Clark refused. Deputy Anderson then ordered Clark, several times, to go back to his cell and lock down. Clark again refused.

Clark told Deputy Anderson that he was not going to lock down and threatened to hurt Deputy Anderson if he put his hands on him. Deputy Anderson grabbed Clark by his arm to escort him back to his cell. Although Clark tried to resist, Deputy Anderson was able to escort him back to his cell without further incident. Deputy Anderson used the minimal amount of force necessary to secure Clark's arm and he did not shove Clark against any surface or object. Both men remained standing the entire time. Under county procedure, when a deputy has to place hands on an inmate, he must call medical staff as a precaution. Deputy Anderson called medical staff and they evaluated Clark and confirmed that he was not injured.

Tammy Kieffer, a Registered Nurse, is the Health Service Administrator for Correct Care

Solutions, which provides health care services for inmates at the Detention Center.  Kieffer was working at the Detention Center between July 1 and October 13, 2007, and is familiar with Clark. Kieffer does not recall Clark complaining about a torn bicep, neck or throat trauma, head trauma or a two-inch gash above his eyebrow, nor does she recall seeing any such injuries on Clark.  Kieffer could not find any documentation in support of plaintiff's alleged injuries.

From July 1 through October 13, 2007, Major James Eickhoff was the Administrative Captain at the Detention Center.  Major Eickhoff was in charge of maintaining records of all reports created at the Detention Center.  As a matter of course, if Clark had received injuries on July 11, 2007, facility staff would have conducted investigations and prepared numerous reports.  Major Eickhoff reviewed all available records and found no records of the incidents alleged by Clark. Before Clark filed suit, Major Eickhoff does not recall ever hearing about any of the alleged events.

From January 4, 2007 to August 31, 2008, Wassan Cook Goff worked as a Mental Health Professional at the Detention Center.  From July through December of 2007, Goff saw Clark on numerous occasions for counseling and recorded her observations.  Goff's notes document Clark's history of suffering from persecutory delusions and his verbal and physical threats to other inmates and staff.  Goff's note on August 1, 2007 states that "Mr. Clark's behavior has remained out of control.  He has been written up several times for threatening and making attempts to harm staff. Mr. Clark believes he is being persecuted by officers.  He has become fixated on the idea that they are stealing his food, making sexual advances toward him, and trying to hurt him.  On(ly) yesterday, Mr. Clark became aggressive and attempted to hit an officer who was redirecting him."  Goff's note on August 15, 2007 states that Mr. Clark "continues to present as experiencing delusions of grandeur and persecution.  He is also paranoid that male staff is trying to harm him and female staff wants to

have sex with him."

Plaintiff claims that between July 3 and October 13, 2007, defendant used excessive force on three separate occasions.  See Pretrial Order (Doc. #64) filed February 3, 2014 at 5.  In particular, plaintiff alleges that on different occasions (1) defendant came into his cell, grabbed his arm and tore his bicep muscle; (2) defendant lifted him up, choked him and banged his head into the wall; and (3) defendant came into his cell, took him out and then slammed his head into a table, causing a gash above his eyebrow.  See id.

## Analysis

Defendant seeks summary judgment on plaintiff's claims.  Defendant filed and served on plaintiff a notice to pro se litigant who opposes a motion for summary judgment in compliance with D. Kan. Rule 56.1(f).  Plaintiff has not responded to defendant's motion.  Under D. Kan. Rule 6.1(d)(2), plaintiff had until April 21, 2014 to file a response.  Pursuant to D. Kan. Rule 7.4, if a respondent fails to file a response within the time required by Rule 6.1(d), the Court will consider and decide the motion as an uncontested motion, and ordinarily will grant the motion without further notice.  On this record, defendant is entitled to summary judgment under Rule 56(e), Fed. R. Civ. P.

Defendant argues that he is entitled to summary judgment because plaintiff does not have sufficient evidence to prove his claims.  The Court agrees.  Plaintiff has not responded or offered any evidence that defendant engaged in the alleged conduct.  In determining whether to grant summary judgment, the Court considers plaintiff's [Second] Amended Complaint (Doc. #21), which is sworn and made under penalty of perjury.  See Green v. Branson, 108 F.3d 1296, 1302 (10th Cir. 1997).  Plaintiff's sworn complaint states that (1) on one occasion, Deputy Anderson tore his bicep

"into two (double bicep);" (2) on one occasion, Deputy Anderson hit his head into the wall and Clark woke up the next day with blood on his head; and (3) on one occasion, Deputy Anderson slammed his head onto a metal table five or six times and caused a two-inch gash above Clark's eyebrow. [Second] Amended Complaint (Doc. #21) at 3. Defendant has offered his own declaration and other admissible evidence which shows that he used force with plaintiff on only one occasion, that plaintiff suffered no injuries from the incident, that no prison or medical records support plaintiff's claims and that medical staff during this period noted that plaintiff was experiencing delusions and was paranoid that male staff was trying to harm him.

In light of defendant's evidence, plaintiff's sworn complaint by itself is insufficient to create a genuine issue of disputed fact. See Liberty Lobby, 477 U.S. at 252 (genuine factual dispute requires more than mere scintilla of evidence). Plaintiff's complaint does not include the dates of the alleged incidents, the names of the nurses involved or the names of any witnesses. Plaintiff's complaint alleges that medical staff responded to two of the incidents, but no prison or medical records document the incidents or treatment for the alleged injuries. Absent any response or admissible evidence to explain or rebut the evidence presented by defendant, and for substantially the reasons stated in Defendant's Memorandum In Support Of Motion For Summary Judgment (Doc. #75), the Court finds that defendant is entitled to summary judgment on plaintiff's excessive force claim under 42 U.S.C. § 1983.

Plaintiff also asserts state law claims for assault and battery. Under 28 U.S.C. § 1367(c), the Court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. See Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). The Court considers the nature and extent of pretrial proceedings, judicial economy, convenience and whether

fairness would be served by retaining jurisdiction.  Anglemyer v. Hamilton Cnty. Hosp., 58 F.3d 533, 541 (10th Cir. 1995).  The district court should "normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial."  United States v. Botefuhr, 309 F.3d 1263, 1273 (10th Cir. 2002) (district court should retain jurisdiction only if parties expended great deal of time and energy on state law claims).  Because the Court dismisses plaintiff's federal claim and defendant seeks dismissal of the state claims on a procedural ground, the Court declines to exercise supplemental jurisdiction over plaintiff's remaining claims.[1]

**IT IS THEREFORE ORDERED** that Defendant's Motion For Summary Judgment (Doc. #68) filed February 14, 2014 be and hereby is **SUSTAINED.**  The Court grants summary judgment in favor of defendant on plaintiff's claim for excessive force.  The Court declines to exercise supplemental jurisdiction over plaintiff's state law claims of assault and battery.

Dated this 2nd day of October, 2014 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[1]    In the memorandum in support of his motion for summary judgment, defendant does not address whether the Court should exercise supplemental jurisdiction over plaintiff's state law claims.  Defendant seeks dismissal of the state law claims because plaintiff has not pled compliance with the statutory conditions precedent for suit against a municipality under K.S.A. § 12-105b(d).  Rather than dismiss plaintiff's state law claims on this ground, which would permit plaintiff to re-file his claims after compliance with the notice requirements, the Court finds that the better course is to decline to exercise supplemental jurisdiction over the state law claims.  In either case, plaintiff can re-file his state law claims in state court if he chooses.